O’Neall, J.
delivered the opinion of the Court.
In this case the authorities are clear in support of the decision below.
Beginning with Ker v. Montgomery, they have all tended in one way, to place the constable and magistrate’s executions in subordination to the Superior Courts. In that case it was held that a sale by a constable, after the levy of an execution from the Court of Common Pleas, was invalid, and conferred no title. In Robinson v. Cooper, it was ruled that a sale by a constable, under a magistrate’s execution, will not divest the lien of an execution from the Court of Common Pleas. In that case it was remarked, “ to discharge the lien of the latter, the proceeds of the sale must be paid over to it. For it is an incumbrance on the property, to be levied under it, to the extent of its value. If the proceeds of sale are paid over to it, it is in effect a levy and sale under it. But if the sale by the constable, under a junior levy, discharge the lien, then, without paying over to the senior execution the proceeds, it would be an easy mode of defeating it, and would, in effect, authorize the defendant to aliene his own property. By suffering judgment for a small amount before a magistrate, the defendant might, under the execution issued, cause a constable to sell perhaps the only valuable article of property which he had, and thus be enabled to receive the surplus alter satisfying the magistrate’s execution, and put his execution creditors at defiance.”
In Blair and Alexander v. Horsleby, the defendant, as a constable, sold a horse which was subject to the lien of the plaintiffs’s execution. It was held that they were entitled to recover the proceeds of the sale, as applicable to their execu *315 tion. That case is, in every respect, the same as the one now under consideration. Here the defendant was the owner of the oldest executions against the defendant in execution. The constable was apprized of their lien, and told that the money arising from the sale, would be claimed as applicable to them. The defendant bought, and instead of paying the money to the constable, he claimed, as the creditor entitled to receive it, to retain. This, according to Cobb v. Pressly, he could have had the right to do even against the sheriff, and consequently against the plaintiff.
The case of Alexander v. Collins does not conflict with this or the preceding cases. In it the sheriff was the plaintiff; he had no such right as enabled him to bring the action. If he had levied, then indeed he would have had property which would have entitled him to recover; but until levied, he, in nowise, represents the plaintiff’s rights under execution, further than to receive the debt and costs, when paid to him, or to collect it by levy and sale.
The motion is dismissed.
Richardson, J. — Evans, J. — Frost, J. — and Withers, J. — concurred.
Wardlaw, J. dissented.

Motion refused.